IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17CV253-GCM

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| EMLOYERS MUTUAL CASUALTY COMPANY, CAROLINA FLOOR SYSTEMS, INC., AP ATLANTIC, INC., ADOLFSON & PETERSON, INC., CW CONSTRUCTION & DEVELOPMENT, LLC and MILES MCCLELLAN CONSTRUCTION COMPANY, INC., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court upon Defendant Employer Mutual Casualty Company's Motion to Dismiss or Alternatively to Stay Proceedings (Doc. No. 16) as well as Defendants AP Atlantic, Inc. and Adolphson & Peterson, Inc.'s Motion to Dismiss or Alternatively Abstain (Doc. No. 20). Both motions have been fully briefed and are ripe for disposition.

**FACTUAL BACKGROUND**

Plaintiff Hartford Fire Insurance Company ("Hartford") filed this declaratory judgment action on May 11, 2017 seeking a declaration that Defendant Employers Mutual Casualty Company ("EMC") owes a duty to continue funding the defense of insured Carolina Floor Systems, Inc. ("Carolina Floor") and any additional insureds under the EMC policies in several underlying defective construction lawsuits pending in state court or arbitration. Both Hartford and EMC issued commercial general liability insurance policies to Carolina Floor with each

1

carrier having different policy periods of coverage.[1] Hartford and EMC agreed to share the cost of defending Carolina Floor and certain additional insureds in litigation regarding three different projects. EMC is currently defending Carolina Floor under a full and complete reservation of rights in the following cases:

1. *Mid-America Apartments, L.P. v. AP Atlantic, Inc., et al.*, Case No. 16-CVS-4439, in the Superior Court for Mecklenburg County, concerns the allegedly defective construction of an apartment tower in Charlotte. EMC and Hartford are sharing the cost of Carolina Floor's defense and the defense of AP Atlantic, Inc. and Adolfson & Peterson, Inc. ("AP Parties"), which claim to qualify as additional insureds.

2. *Haywood Community College v. Miles McClellan Construction Company, Inc., et al.*, Case No. 16-CVS-997, in the Superior Court for Haywood County, concerns the allegedly defective construction of a creative arts building on the campus of Haywood Community College. EMC and Hartford are sharing the cost of Carolina Floor's defense. EMC and Hartford are also sharing the cost of defending the general contractor, Miles-McClellan Construction Company, Inc. ("Miles-McClellan"), as an additional insured under Carolina Floor's policies.

3. *Mallard Creek Ltd. v. CW Construction & Development, LLC et al.*, Case No. 01-16-002- 42888, before the American Arbitration Association, and *CW Construction & Development, LLC, v. 31-W Insulation Co., Inc, et al.*, Case No. 16-CVS-10323, in the Superior Court for Mecklenburg County, concern the allegedly defective construction of two buildings in Charlotte. EMC and Hartford are sharing the cost of

---

[1] Hartford sold Carolina Floor four liability insurance policies, together in effect from October 1, 2009 to October 1, 2013. Carolina Floor then purchased from EMC two liability insurance policies in effect from October 1, 2013 to October 1, 2015.

2

Carolina Floor's defense. EMC and Hartford are also sharing the cost of defending the general contractor, CW Construction & Development, LLC ("CW Construction"), as an additional insured under Carolina Floor's policies.

On January 13, 2017, prior to the filing of the present action, EMC filed a declaratory judgment action in Wake County Superior Court ("DJ I"), seeking a declaration that it has no duty to defend or indemnify Carolina Floor or the AP Parties in the *Mid-America* underlying action as the alleged "property damage" was not caused by an "occurrence" during EMC's policy periods. Hartford then filed this action on May 11, 2017, seeking to resolve whether the allegations in the complaints in each of the underlying actions trigger the EMC policies. On May 26, 2017, in DJ I, the AP Parties filed a counterclaim and third-party claims for declaratory relief against Hartford, various subcontractors, and those subcontractors' insurers.[2]

Further adding to this quagmire of litigation, on June 15, 2017, EMC filed two additional declaratory judgment actions in Wake County Superior Court. In one action, EMC seeks a declaration that it is not obligated to defend or indemnify Carolina Floor, CW Construction, or Mallard Creek, Ltd. in connection with the *Mallard Creek* litigation as the alleged "property damage" was not caused by an "occurrence" during EMC's policy periods ("DJ II"). In the other action, EMC seeks to establish that it is not obligated to defend or indemnify Carolina Floor or Miles-McClellan in connection with the *Haywood* action as the alleged "property damage" was not caused by an "occurrence" during EMC's policy periods ("DJ III"). On October 31, 2017, the judge presiding over DJ II and DJ III entered orders staying those two actions pending a decision by this Court on EMC's Motion to Dismiss herein.

---

[2] EMC has opposed the expansion of that lawsuit.

Both EMC and the AP Parties have moved to dismiss this case, arguing, *inter alia*, that the three declaratory judgment actions filed by EMC serve the purpose of settling the state law issues regarding EMC's alleged coverage obligations to defend and indemnify its named insured and additional insureds.

**DISCUSSION**

The decision to entertain a declaratory judgment action pursuant to the Federal Declaratory Judgment Act is left to the sound discretion of the Court. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (holding that a district court "is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment."). Such discretion "'is especially crucial when . . . [a] related proceeding is pending in state court.'" *Riley v. Dozier Internet Law, PC*, 371 Fed. App'x 399, 401 (2010) (quoting *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 297 (4th Cir. 2005)). When there is a related state court proceeding pending, "a court considering a declaratory judgment action should specifically consider whether the controversy 'can better be settled in the proceeding pending in the state court.'" *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996) (quoting *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)). "This consideration should be guided by a number of factors, including the nature and scope of the state proceeding, and 'whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding . . . .'" *Id*.

The Supreme Court in *Brillhart* stated that it is "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."

*Brillhart*, 316 U.S. at 495. The court must, therefore, determine whether the controversy "can better be settled in the proceeding pending in the state court." *Wilton*, 515 U.S. at 282. This requires the court to take into account "considerations of federalism, efficiency, and comity." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998). To assist district courts with balancing the federal and state principles articulated by *Brillhart* and *Wilton*, the Fourth Circuit has set forth four factors that the court should consider:

> (1) whether the state has a strong interest in having the issues decided in its courts;
> (2) whether the state courts could resolve the issues more efficiently than the federal courts;
> (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and,
> (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

*Kapiloff*, 155 F.3d at 493-94 ("*Kapiloff* factors").

The Court first considers the state's interest in having North Carolina courts determine the issues raised in the federal declaratory action. There is no dispute that this case involves the construction and interpretation of insurance policies governed by North Carolina law. Hartford acknowledges that this Court and the Fourth Circuit have recognized North Carolina's strong interest in resolving insurance contract disputes in state court. *See*, *e.g.*, *Republic-Franklin Ins. Co. v. Pasour*, No. 3:11CV181, 2011 WL 5169426, at *6 (W.D.N.C. Oct. 31, 2011); *Continental Cas. Co. v. Fuscardo*, 35 F.3d 963, 966-67 (4th Cir. 1994). The issues to be resolved pertain to the definition of "occurrence" and whether or not the occurrence was within the policy period. In a similar insurance dispute over the definition of "occurrence," the Fourth Circuit noted that "[t]here exists an interest in having the most authoritative voice speak on the meaning of applicable law, and that voice belongs to the state courts when state law controls the resolution

5

of the case." *Mitcheson v. Harris*, 9 55 F.2d 235, 237 (4th Cir. 1992). Accordingly, this factor weighs heavily in favor of dismissal.

The second factor the Court must consider is whether the state courts could resolve the issues more efficiently than this Court. This in turn requires inquiring into the nature and scope of the state proceedings and "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding[.]" *Brillhart*, 316 U.S. at 495. Hartford argues that the three actions filed by EMC in Wake County are "piecemeal" and that this action is more comprehensive because Hartford itself is a party in this action but was not named by EMC in any of the state court declaratory judgment actions.[3] Hartford contends that there is nothing efficient about EMC's filing of three separate declaratory judgment actions. However, Harford ignores the fact that the three declaratory judgment actions in state court involve three different projects, three different occurrences with three different trigger dates, and three different types of losses. Given the differences in these cases, it appears to the Court that the inefficiently occurs where there is an attempt to consolidate these very distinct and discrete issues into one lawsuit, as Hartford has done here. In addition, the state declaratory judgment actions seek not only a determination of EMC's duty to defend these lawsuits, but also its duty to indemnify its insured and any additional insureds, and are therefore more comprehensive than this action. Accordingly, this factor weighs in favor of dismissal.

Third, the Court must determine whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts. Hartford acknowledges that there is an overlap of issues between this action and the state court actions. A key problem that invites unnecessary entanglement with the state court cases is the potential for

---

[3] As noted earlier, Hartford was recently named as a Third-Party Defendant by the AP Defendants in DJ I.

inconsistent judgments. The primary issue for the state courts is when the property damage occurred as it relates to trigger of coverage. Hartford is in essence asking this Court to make the same determination, as EMC has contended there is no duty to defend if "property damage" occurred outside of the applicable policy periods. Thus, the similarity of issues between the parties in both proceedings increases the risk of inconsistent rulings should this Court and the state court proceed simultaneously, "thereby frustrat[ing] the orderly progress of the [] proceedings." *Riley*, 371 Fed. App'x at 403 (alterations in original) (internal quotation mark omitted). This factor thus weighs heavily in favor of dismissal.

As the first three *Kapiloff* factors weigh in favor of dismissal, there is no need for the Court to address the last factor. Given application of North Carolina law and the overlapping of issues between this action and the underlying state court declaratory judgment actions, it is in the interest of judicial efficiency and comity that this Court decline jurisdiction over this action and dismiss the case with prejudice.[4]

IT IS THEREFORE ORDERED that the motions to dismiss are hereby GRANTED.

Signed: January 12, 2018

Graham C. Mullen
United States District Judge

---

[4] Because the Court declines to exercise jurisdiction over this case, it need not consider the AP Defendants' argument that this case fails to join indispensable parties. Likewise, the Court finds it unnecessary to address EMC's standing argument.